[Cite as *State v. Brown*, 2025-Ohio-1480.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2024-CA-53 |
| | : | |
| v. | : | Trial Court Case No. 2018 CR 0985 |
| | : | |
| RICKEY BROWN | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on April 25, 2025

. . . . . . . . . . .

PETER K. NEWMAN, Attorney for Appellant

MEGAN HAMMOND, Attorney for Appellee

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} On January 13, 2020, Rickey Brown was found incompetent and not restorable to competency by the trial court after being charged with two sex offenses; the court found that Brown was subject to institutionalization and ordered his commitment to conditional release with outpatient treatment.

{¶ 2} In early 2024, the court ordered a bi-annual conditional release evaluation. In response, Brown filed a motion challenging the probation department's authority to require him to submit to the evaluation and seeking mandamus relief. Brown appeals from the trial court's entry that denied his motion, ordered him to complete a bi-annual conditional release evaluation, and overruled his request for mandamus relief. Because the entry appealed from is not a final appealable order, this appeal will be dismissed.

**Facts and Procedural History**

{¶ 3} On December 14, 2018, Brown was indicted on one count each of rape and gross sexual imposition. Following a hearing on the issue of Brown's competency, the court found, by clear and convincing evidence, that: Brown suffered from a severe intellectual disability and was incompetent to stand trial; he could not be restored to competency to stand trial within the statutorily-defined time frame even with an appropriate course of treatment; he was subject to institutionalization by court order to a facility approved by the Ohio Department of Disabilities; and his conduct supported a conclusion that he had committed the offenses alleged in the indictment.

{¶ 4} The court found that the least restrictive commitment alternative available that was consistent with public safety and Brown's welfare was to maintain Brown's "current living status and environment as well as his employment and therapy at Boundless, a sheltered workshop." The court ordered Brown's caseworker at the Montgomery County Board of Developmental Disabilities to provide oversight to ensure that the conditions imposed were maintained and to provide a report within 60 days. The court noted that it would order periodic reports as required. Finally, the court indicated

that it would maintain jurisdiction over Brown for life or further order of the court, and that all further proceedings would be held pursuant to R.C. 2945.401 and 2945.402.

{¶ 5} On January 11, 2022, the trial court ordered a mandatory bi-annual evaluation of Brown regarding his conditional release status pursuant to R.C. 2945.401, to be conducted by the Forensic Psychiatry Center for Western Ohio. Following a hearing about the evaluation, the court continued Brown on conditional release. Brown did not appeal the court's 2020 commitment and order of conditional release or the 2022 order continuing his conditional release.

{¶ 6} On January 30, 2024, the court ordered another bi-annual conditional release evaluation. On February 14, 2024, the date set by the court for a status conference, defense counsel filed an "urgent" motion seeking to prevent the probation department from compelling Brown to submit to the conditional release evaluation; the motion also sought a writ of mandamus, challenging the probation department's authority to compel Brown to submit to conditional release evaluations.

{¶ 7} On August 16, 2024, the court issued the entry that is the subject of this appeal. The court's entry overruled the request for mandamus, noting that the request had not followed the statutory requirements and that Brown had failed to establish a clear legal right to that relief. The court also rejected Brown's argument with respect to the actions of the probation department, finding that his conditional release was a form of commitment and ordering him to complete his bi-annual psychological evaluation. By separate entry, the court set the evaluation for September 5, 2024, at the Forensic Psychiatry Center for Western Ohio.

{¶ 8} Brown raises three assignments of error on appeal. However, because the order appealed from is not a final appealable order, we do not reach the merits of these arguments.

{¶ 9} R.C. 2505.02 states that an order is a final order that "may be reviewed, affirmed, modified, or reversed, with or without retrial," when it "affects a substantial right made in a special proceeding or upon a summary application in an action after judgment." R.C. 2505.02(B)(2). " 'Substantial right' means a right that the United States Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). " 'Special proceeding' means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2).

{¶ 10} The court ordered Brown to complete his bi-annual psychological evaluation as required by statute and indicated that the evaluation would be followed by a hearing. We conclude that, although this was a special proceeding, a substantial right was not affected by the court's entry, because Brown was already subject to a lifetime commitment imposed in 2020 and had been on conditional release since that time. "A conditional release is a commitment. The hearings on continued commitment as described in section 2945.401 of the Revised Code apply to a defendant or person on conditional release." R.C. 2945.402(B).

{¶ 11} There is no suggestion that Brown's commitment has changed in any respect, and he is appealing an order that he simply submit to the required two-year evaluation pursuant to R.C. 2945.401(C). After the evaluation is complete, Brown will

be entitled to a hearing, and he can appeal any decision on his commitment at that time. Put differently, he will have an effective remedy when the trial court issues a decision, and therefore a substantial right is not affected at this time. Although Brown's counsel argues that the probation department should be enjoined from compelling Brown to submit to the evaluation, the evaluation is to be administered pursuant to court order, as described above; the probation department's function in assisting the court is merely ministerial.

{¶ 12} For the foregoing reasons, this appeal is dismissed for lack of a final, appealable order.

. . . . . . . . . . . . .

EPLEY, P.J. and TUCKER, J., concur.